|   |   |
|---|---|
| Darral Ellis, | Case No. 2:19-cv-2164-APG-VCF |
| Plaintiff, | |
| v. | **ORDER** |
| Warden Howell, | |
| Defendant. | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On December 20, 2019, Magistrate Judge Ferenbach ordered plaintiff Darral Ellis to file a fully complete application to proceed in forma pauperis or pay the full filing fee of $400.00 within 30 days from the date of that order. ECF No. 3 at 1-2. The 30-day period has now expired, and Ellis has not filed an application to proceed in forma pauperis, paid the full filing fee, or otherwise responded to Judge Ferenbach's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Ferenbach's order expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 3 at 2. Thus, Ellis had adequate warning that dismissal would result from his noncompliance with Judge Ferenbach's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Darral Ellis' failure to file an application to proceed in forma pauperis or pay the full filing fee in compliance with Judge Ferenbach's order dated December 20, 2019.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

Dated: February 3, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE